Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| AIXA ENID LÓPEZ<br><br>Parte Peticionaria<br><br>v.<br><br>JOSÉ ARROYO BABILONIA<br><br>Parte Recurrida | TA2026CE00421 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2020CV02970<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece la Sra. Aixa Enid López (señora López) mediante petición de *certiorari* instada el 8 de abril de 2026. Solicita que revoquemos la *Resolución Interlocutoria* emitida el 9 de marzo de 2026, y notificada al día siguiente, por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina. Mediante el referido dictamen, dicho foro declaró *no ha lugar* a la moción de reconsideración incoada por la señora López dentro del trámite de ejecución de la sentencia del caso.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

## I.

El 4 de marzo de 2024, la señora López presentó ante el TPI una *Moción Informativa* que anejaba una *Estipulación Conjunta,* mediante la cual las partes litigantes informaron que habían llegado

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

a un acuerdo de compraventa sobre el inmueble objeto del pleito, que daba por terminadas las reclamaciones recíprocas.

Según la *Estipulación Conjunta*, el señor José Arroyo Babilonia (señor Arroyo Babilonia) le vendería la propiedad a la señora López, conforme a los términos y condiciones descritas en la estipulación. El acuerdo especifica en su inciso 10 que: "[l]as partes se comprometen a comparecer y/o firmar cualquier documento que sea necesario para lograr la compraventa, inscripción y el traspaso de la propiedad que forma parte de este acuerdo dentro de un término no mayor de nueve (9) meses a partir del momento en que se notifique la Sentencia en este caso". El documento aparece como acordado y aceptado por ambas partes litigantes y sus respectivas representaciones legales.[2]

El 5 de marzo de 2024, el TPI dictó la *Sentencia* en la que impartió su aprobación al acuerdo, lo adoptó e hizo formar parte del dictamen. La sentencia fue notificada el 6 de marzo de 2024.[3]

Un año después, el 19 de marzo de 2025, el señor Arroyo Babilonia presentó un escrito en el cual, entre otros asuntos, solicitó la ejecución de la sentencia. En específico, requirió al TPI que emitiera una orden para que la señora López cumpliera con la estipulación conjunta y otorgase la correspondiente escritura de compraventa y demás documentos en un término de treinta (30) días, para transferir el inmueble a tenor con el acuerdo.[4]

El 17 de junio de 2025, y notificada al día siguiente, el TPI dictó la correspondiente *Resolución* en la que dispuso lo siguiente:

> En cuanto a la solicitud de la parte demandada, el Tribunal ordena a la demandante, Aixa Enid López, a que cumpla estrictamente con lo que dispone el contrato de transacción y que se le concede un término de 30 días para que otorgue la correspondiente

---

[2] Véase, expediente electrónico del caso CA2022CV02970, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 51, *Moción Informativa* y *Estipulación Conjunta* (Anejo).

[3] *Íd.*, Entrada 53, *Sentencia*.

[4] *Íd.,* Entrada 62, *Réplica y Solicitud para que se Ordene el Cumplimiento Específico del Contrato de Transacción y se Ejecute la Sentencia.*

escritura de compraventa y demás documentos, habilitando así la venta de la propiedad en controversia cónsono con lo pactado en el contrato de transacción.[5]

El 7 de julio de 2025, la señora López presentó una *Moción de Reconsideración; en la alternativa, Solicitud de Aclaración de Resolución*[6]*,* en la que solicitó que la determinación judicial del 17 de junio de 2025 expresara que el cumplimiento del acuerdo de transacción incluía el financiamiento del precio de compraventa por parte del señor Arroyo Babilonia.[7] Alrededor de cinco meses después, el 1 de diciembre de 2025, el TPI emitió y notificó la *Resolución Interlocutoria* que declaró *no ha lugar* a la aludida *Moción de Reconsideración; en la alternativa, Solicitud de Aclaración de Resolución.*[8]

Así las cosas, el 19 de diciembre de 2025, la señora López presentó otro escrito intitulado *Moción de Reconsideración*[9]*,* con una redacción confusa en cuya súplica peticionó al TPI que:

> … RECONSIDERE y deje sin efecto la orden que impone un término de treinta (30) días para obtener financiamiento externo, por no surgir dicha obligación ni término de la Estipulación Conjunta acogida mediante sentencia; y, en la alternativa, sin renuncia a derechos, conceda un término no menor de ciento veinte (120) días, además de cualquier otro remedio que en derecho proceda.[10]

En oposición[11], el señor Arroyo Babilonia arguyó que el escrito radicado por la señora López constituía una segunda solicitud de reconsideración, incoada 184 días luego de notificada la resolución

---

[5] *Íd.,* Entrada 69, *Resolución.*
[6] *Íd.,* Entrada 71, *Solicitud de Aclaración de Resolución.*
[7] La solicitud de reconsideración se presentó pasado el término de cumplimiento estricto de quince (15) días que establece la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. No obstante, nuestro ordenamiento procesal civil le reconoce la facultad discrecional al foro *a quo* de permitir la presentación tardía de una moción de reconsideración de una resolución u orden, por tratarse de un término de cumplimiento estricto y no jurisdiccional, y siempre que exista justa causa para la dilación debidamente acreditada por la parte promovente. En el caso de autos, interpretamos que, al resolver la *Moción de Reconsideración; en la alternativa, Solicitud de Aclaración de Resolución*, el TPI entendió justificada la causa para la presentación tardía de la referida solicitud.
[8] Véase, expediente electrónico del caso CA2022CV02970 en SUMAC, Entrada 91, *Resolución.*
[9] *Íd.,* Entrada 96, *Moción de Reconsideración.*
[10] *Íd.*
[11] *Íd.,* Entrada 99, *Oposición a Reconsideración y otros extremos.*

emitida el 17 de junio de 2025; es decir, vencido el término de cumplimiento estricto de quince (15) días que dispone la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, sin que se hubiese justificado justa causa para la demora.  En lo sustantivo, el señor Arroyo Babilonia expuso que esa subsiguiente moción de reconsideración se basaba en los mismos fundamentos que la primera, previamente adjudicada.

El 10 de marzo de 2026, el TPI notificó la *Resolución Interlocutoria*[12] objeto del presente recurso, en la que hizo constar que, luego de examinar las respectivas posiciones de las partes, declaraba *no ha lugar* a la *Moción de Reconsideración* incoada por la señora López.

Inconforme con la anterior determinación, el 8 de abril de 2026, la señora López incoó el presente recurso y apuntó los siguientes señalamientos de error.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR LA PARTE RECURRENTE Y AL MANTENER UNA DETERMINACION QUE ALTERA LOS TÉRMINOS DE UNA ESTIPULACIÓN CONJUNTA PREVIAMENTE INCORPORADA EN SENTENCIA, EN VIOLACIÓN A LA DOCTRINA DE COSA JUZGADA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER A LA PARTE RECURRENTE LA OBLIGACIÓN DE OBTENER FINANCIAMIENTO EXTERNO DENTRO DE UN TÉRMINO PERENTORIO, AÚN CUANDO DICHA OBLIGACIÓN NO SURGE DEL ACUERDO TRANSACCIONAL SUSCRITO POR LAS PARTES NI DE LA SENTENCIA QUE LO INCORPORA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL MODIFICAR SUSTANCIALMENTE LOS TÉRMINOS DEL CONTRATO DE TRANSACCIÓN JUDICIAL ENTRE LAS PARTES, EN CONTRAVENCIÓN A LOS PRINCIPIOS DE AUTONOMÍA DE LA VOLUNTAD Y *PACTA SUNT SERVANDA*, QUE RECONOCEN QUE LOS CONTRATOS TIENEN UNA FUERZA DE LEY ENTRE LAS PARTES.

---

[12] *Íd.,* Entrada 100, *Resolución Interlocutoria.*

**II.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[13]

Para determinar si procede la expedición de un auto de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir directamente a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones[14].

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece que este foro apelativo intermedio tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *certiorari*:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[13] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[14] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de primera instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[15] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

### III.

La señora López alega que el TPI incidió al imponerle la obligación de obtener financiamiento externo dentro de un término perentorio cuando, según interpreta, la *Estipulación Conjunta* establece que es el señor Arroyo Babilonia el obligado a financiar la compra de la propiedad.

Sin embargo, lo cierto es que el plazo que el TPI le concedió a la señora López fue para que otorgara la correspondiente escritura de compraventa, conforme acordado en la *Estipulación Conjunta*. Distinto a lo que la señora López interpreta, la resolución del TPI en forma alguna alude a la frase "financiamiento externo", ni a cuál de las partes implicadas en la estipulación corresponde obtenerlo.

El examen del expediente electrónico del caso nos lleva a concluir que la determinación impugnada resulta razonable y no denota un abuso de discreción. Tampoco se desprende que el dictamen recurrido sea arbitrario, muestre elementos de prejuicio o denote error en la aplicación de una norma jurídica. Mucho menos, que estemos ante una situación en la que, al expedir el auto de *certiorari*, evitemos un grave perjuicio o un craso fracaso de la justicia.

Así pues, por no haberse acreditado razones que justifiquen nuestra intervención con la determinación cuestionada, ni estar

---

[15] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

presentes ninguna de las instancias que establece la Regla 40 de nuestro Reglamento, procede denegar el auto de *certiorari.*

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones